J-S33033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT L STEVENSON | : | |
| | : | |
| Appellant | : | No. 1499 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 17, 2022
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000063-2022,
CP-16-CR-0000130-2022

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: November 17, 2023**

Appellant, Robert L. Stevenson, appeals from the judgment of sentence entered in the Court of Common Pleas of Clarion County following the revocation of probation. In this direct appeal, Appellant's counsel has filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The trial court sets forth the relevant facts and procedural history of the case, as follows:

[Appellant] was charged with: Strangulation — Applying Pressure to Throat or Neck; Simple Assault; and Harassment — Subject Other to Physical Contact (at Case No. 63 CR 2022) and Disorderly Conduct Hazardous/Physical Offense and Resisting Arrest/Other Law Enforcement (at Case No. 130 CR 2022). Under the terms of a plea agreement, Defendant pled guilty to Simple Assault and Disorderly Conduct and received a term of probation for each offense to run concurrently. On May 18, 2022, the [trial] court ordered [Appellant] placed on probation for a period of eighteen (18) months at Case No. 63 of 2022 and a period of one (1) year at Case No. 130 of 2022 under the supervision of Clarion County Adult Probation.

[Appellant] received new charges of Strangulation (F2) and Simple Assault (M1) for offenses committed on June 30, 2022. He pled no contest to Simple Assault and was sentenced for these offenses on November 2, 2022. Further, [Appellant] failed to complete his drug and alcohol assessment that he was ordered to complete on May 18, 2022. [Appellant] waived a Gagnon I hearing, and a Gagnon II hearing was held on November 17, 2022. At his Gagnon hearing, [Appellant] admitted to the violations. The court revoked probation at both cases and resentenced [Appellant] at Case No. 63 of 2022 to serve a minimum of eighty-five (85) days to a maximum of two years, less one (1) day in Clarion County jail, and at Case No. 130 of 2022, to serve one (1) year of probation, to run consecutively.

[Appellant] filed a Notice of Appeal on December 19, 2022. In [Appellant's] Concise Statement of Errors Complained of on Appeal, filed on January 12, 2023, he raised one (1) claim of error. . . .

[Specifically,] [i]n the Statement of Matters Complained of on Appeal, [Appellant] contends that the court abused its discretion and created an excessive sentence by revoking [Appellant's] probation at both dockets and running the sentences consecutively.

Trial Court Opinion, 2/2/23, at 1-2.

We preliminarily address a potential **Walker**[1] issue affecting the instant appeal. As noted, following a probation revocation, judgment of sentence was entered against Appellant at two trial court docket numbers on November 17, 2022. Counsel timely filed[2] a single notice of appeal listing two trial court docket numbers, implicating **Walker**, wherein the Pennsylvania Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket. The decision applies to all cases filed after June 1, 2018.

While a **Walker** violation may result in the quashal of an appeal, there are exceptions to the rule. In **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019), this Court concluded that a breakdown in the court occurs when a court misinforms appellants of their appeal rights by advising

_____

[1] **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

[2] There is a discrepancy regarding when the appeal was filed, as the notice of appeal is dated December 16, 2022, and Counsel indicates on the certificate of service that the Notice of Appeal was PACfiled. The notice of appeal includes two timestamps by the Clarion County Clerk of Courts: one on December 16, 2022, and one on December 19, 2022. The trial court docket indicates that the notice of appeal was dated December 16, 2022, but filed on December 19, 2022. This discrepancy, however, is of no effect. Thirty days from November 17, 2022, was Saturday, December 17, 2022. Accordingly, the notice of appeal was timely filed regardless of whether it was filed on December 16, 2022, or Monday, December 19, 2022. **See** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or any legal holiday, such day shall be omitted from the computation); see also Pa.R.A.P. 107 (stating that 1 Pa.C.S. § 1908 shall be applicable to the Rules of Appellate Procedure); and **see Commonwealth v. Fill**, 202 A.3d 133, 138 (Pa. Super. 2019) (applying 1 Pa.C.S. § 1908).

them that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers. *See also Commonwealth v. Larkin*, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming *Stansbury*); and *see Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (finding that a breakdown occurs in instances where the trial court fails to advise or misadvises defendants of their appeal rights when required to do so).

Here, despite the imposition of two separate sentences at Appellant's sentencing hearing, one on each docketed case, the trial court's written sentencing order states at paragraph 9, "The Defendant has the right to file *a* motion to modify sentence within ten (10) days, the right to appeal to [the] Superior Court within thirty (30) days, and the right to assistance of counsel in the preparation of the motion and appeal." (Emphasis added). In light of the foregoing authority, we discern that a breakdown occurred when the trial court advised Appellant that he could pursue his post-sentence and appeal rights through a single filing. Therefore, we decline to quash the present appeal.

In the present appeal, Appellant's counsel has filed a petition for leave to withdraw and an accompanying *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must first "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party.

Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all procedural obligations. Counsel filed together both his petition to withdraw as counsel and his ***Anders*** brief, to which he attached a notice of rights letter addressed to Appellant advising him of his rights. ***See Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005) (opining that the prudent course is to require counsel to attach to the petition to withdraw a copy of the letter sent to the client advising of their rights); ***see also Commonwealth v. Cartrette,*** 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (to withdraw from representation pursuant to ***Anders***, counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide the defendant a copy of the brief and petition to withdraw; and 3) advise the defendant that they have the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention). [3]

---

[3] As of the time of this writing, Appellant has not filed a response to counsel's Petition to Withdraw.

We proceed, therefore, to review the entire record and analyze whether this appeal is wholly frivolous. The **Anders** brief states that the revocation court's decision to revoke Appellant's street time at both dockets, and then to impose an aggregate, standard range sentence of not less than 85 days nor more than two years less one day at docket 63-2022, and an additional one year of probation at 130-2022, can be argued as excessive considering Appellant's circumstances and resentencing guidelines.

As such, the **Anders** brief raises a challenge the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of sentencing). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997); **see also Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Counsel filed a timely Notice of Appeal and properly included a Rule 2119(f) Statement in his brief. However, Counsel did not object at sentencing to the trial court's allegedly excessive sentence, nor does his post-sentence Motion raise this claim. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that a challenge to the discretionary aspects of a sentence is waived where the appellant failed to preserve such challenge at sentencing or in a post-sentence motion). Accordingly, Appellant has not invoked this Court's jurisdiction, and his discretionary sentencing claim is not preserved for our review. *See id.*; *see also Moury*, *supra*.

Nevertheless, we review the merits of Appellant's claim as part of our independent review of the record. *See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018). Our standard of review for a trial court's revocation of probation is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

A revocation court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42

Pa.C.S.A. § 9771(b). The imposition of total confinement upon revocation, however, requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

A revocation court "shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b). However, following a revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Upon review of the record, we conclude the trial court did not abuse its discretion in imposing the standard range, revocation sentence of 85 days to two years less one-day total confinement at Case 63, to be followed by a consecutively run sentence of one year's probation. As addressed at the Gagnon II and Sentencing hearing, Appellant had pleaded no contest to a new charge of simple assault that involved an accompanying charge of strangulation, and he had failed to complete his drug and alcohol assessment that the court had ordered him to complete. As such, the imposition of the revocation sentence was supported by Appellant's new conviction and was

clearly essential to vindicate the authority of the court considering Appellant's failure to complete court-ordered drug and alcohol assessments. Under these circumstances, we deem Appellant's claim frivolous.

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/17/2023